UNITED STATES of America,
Appellee,

v.

Maria DIAZ; Catalina Acevedo; Isaac Goddard; Fernando Cintron; Anthony Holness; Millie Mendez; Benjamin Esdel; Anna Guerra; Mir Tajuddin; Teresa Torres; Victor Acevedo; Antonio Polanco; Ramon Arturo Cabreras; Julio Sosa; Jose Castillo; Rudy Saldana; Jorge Castro; Eric Nelson; Celeste Fernandez; Clara Cepada; Rosario Malik; Esther Pena; Janette Bautista De Felicie, also known as Jeanette, also known as LNU1–98cr0208–024; Cecilia Florentino, also known as Mother, also known as LNU1–98cr208–025; LNU1–98CR0208–026 also known as Zaida; Farhat Khan, also known as Jimmy, also known as LNU1–98cr0208–027; Mehrban Mohammed, also known as LNU1–98cr0208–028, Defendants,

Abdul Latif Abdul Salam,
Defendant–Appellant.

No. 00–13961.

United States Court of Appeals,
Second Circuit.

Nov. 20, 2001.

Jonathan N. Halpern, Assistant United States Attorney, New York, NY; David Raymond Lewis, Assistant United States Attorney, Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, on brief, for the United States of America.

John A. Cirando, D.J. & J.A. Cirando, Esqs., Syracuse, NY; Michael J. Harrigan, Lisa M. Cirando, D.J. & J.A. Cirando, Esqs., Syracuse, NY, on brief, for defendants-appellees.

Present MINER, STRAUB, and PARKER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Abdul Latif Abdul Salam, a former employee of the United States Immigration and Naturalization Service ("INS"), appeals from a final judgment of the United States District Court for the Southern District of New York, convicting him of two counts of accepting bribes, 18 U.S.C. § 201(b)(2), and one count of conspiracy to defraud the United States by unlawfully providing unqualified aliens with alien registration cards, known as green cards, and conspiracy to receive bribes and make false statements to the INS, 18 U.S.C. § 371. He now challenges that conviction, arguing that the evidence presented at trial was insufficient to convict him, that the District Court improperly charged the jury, that his trial counsel provided ineffective assistance, and that the sentence imposed by the District Court was harsh and excessive. For the reasons set forth, we reject the defendant's challenge to his conviction and sentence and affirm the District Court judgment.

### I. Background

On August 31, 1999, defendant Abdul Salam was charged by a three-count indictment with engaging in a scheme to provide green cards to ineligible aliens in exchange for illicit payments. During a four day jury trial, the government presented testimonial and documentary evidence that the defendant participated in a conspiracy among INS employees to collect bribes in exchange for illegally issuing green cards to ineligible aliens. Co-conspirator Heylin Cabrera, a colleague of Abdul Salam's at the INS, testified that in September of 1997 she paid Abdul Salam to help approve cases where applicants sought to obtain green cards by entering sham marriages. In mid-September, the FBI arrested Cabrera and she began making tape recordings of her conversations with the defendant. Those conversations corroborated Cabrera's testimony that Abdul Salam had accepted bribes in exchange for improperly processing green card applications. At trial, Abdul Salam testified in his defense, asserting that his supervisor authorized him to accept these bribes as part of an INS investigation. This defense, however, was inconsistent with statements he had earlier made to the FBI. In the earlier interview with the FBI, apparently arranged at Abdul Salam's initiation prior to his arrest, the defendant denied having accepted any bribes and misrepresented his contact with his co-conspirators. He admitted to only one meeting with Cabrera and stated that Cabrera simply asked for some assistance in retrieving information from the INS computer system. He also claimed that he met one of the co-conspirators for the first

time on October 16, 1997, even though he had accepted a one thousand dollar bribe from her one week earlier—an event that had been tape recorded.

Based on this evidence, the jury convicted Abdul Salam on all three counts. At sentencing, the District Court sentenced him to 16 months' imprisonment, a period of time within the sentencing range of 12 to 18 months' imprisonment that had been recommended by the Probation Office and advocated by the defense.

## II. Discussion

On a number of different grounds, all of which we find unpersuasive, the defendant attacks the validity of his conviction and sentence. The defendant first challenges the sufficiency of the evidence supporting his conviction. When faced with a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the government and construe inferences in the government's favor. *See United States v. Butler*, 970 F.2d 1017, 1021–22 (2d Cir.), *cert. denied*, 506 U.S. 980, 113 S.Ct. 480, 121 L.Ed.2d 386 (1992). We affirm the conviction if the jury, having drawn all inferences in the government's favor, might have concluded guilt beyond a reasonable doubt. *See id.* Abdul Salam contends that the evidence is insufficient because the chief government witness, a cooperating co-conspirator, provided incriminating evidence that should not have been credited since the co-conspirator provided this evidence in the hopes of shortening his own sentence. The defendant further contends that even if this key witness were credible, Abdul Salam offered evidence that his supervisor had authorized him to accept the bribes, thus tending to prove that he did not have the intentional state of mind required to commit the crimes for which he was convicted.

Both of these contentions are essentially restatements of the defense theory presented at trial. Rather than asserting the insufficiency of evidence, these arguments invite us to construe the existing evidence in a way favorable to the defense. Determining the credibility of witnesses and how to construe evidence is a task within the province of the jury. Accordingly, these arguments provide no grounds for disturbing the defendant's conviction.

■ As to his second challenge, Abdul Salam argues that District Court failed to give the jury a theory of the defense charge and omitted a missing witness charge. The defense did not request either of these charges, and so we review the omission of the charges for plain error, and reverse only where the omission is a plain error that affects substantial rights of the defendant and seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See, e.g., Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

The defendant does not meet this formidable burden. Indeed, we do not believe that the District Court's alleged omission was error at all. Regarding the theory of the defense charge, the defendant argues that the District Court should have explained his theory that his supervisor authorized his actions as part of an internal investigation, and that he therefore conducted his actions with an innocent purpose. But the District Court did instruct the jury properly as to the contours of the *mens rea* requirement. Moreover, the defense referred to and relied on this instruction when, in summation, it argued that Abdul Salam did not have the requisite mental state because his supervisor had authorized his actions. In other words, the charge enabled the defense to advance its theory of the case. Accordingly, it is not clear that the charge errone-

ously omitted the defendant's theory, and even if it did, we are certain that the defendant suffered no prejudice.

The defendant's argument regarding the omission of a missing witness charge is similarly unavailing. A district court may, in its discretion, give a missing witness charge where a material, non-testifying witness, is "peculiarly within the control" of one party. *See, e.g., United States v. Caccia,* 122 F.3d 136, 138–39 (2d Cir. 1997). According to Abdul Salam, his supervisor would have corroborated his claim that she had authorized him to participate in the bribery scheme as part of an INS investigation. Such testimony would certainly qualify as material, but Abdul Salam must also show that the witness was peculiarly under the control of the government. He has not done so, and we therefore conclude that a missing witness charge was not required.

Finally, we reject the defendant's two remaining challenges to his conviction. Abdul Salam asserts that the assistance provided by his trial counsel was ineffective. Specifically, he complains about a number of decisions and actions taken by his counsel that, at best, constituted minor errors on his attorney's part. None of the defendant's allegations demonstrate that his attorney committed errors "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," *Strickland v. Washington,* 466 U.S. 668, 687–89, 104 S.Ct. 2052, 80 L.Ed.2d 674, and we therefore conclude that his representation was effective.

Finally, the District Court imposed a valid sentence within the properly calculated guideline range. The defendant has literally offered no argument that the calculation was erroneous or that the sentence was excessive, but has instead asserted that he would have made objections—still unspecified—had he and his wife personally reviewed the entire P.S.R. This assertion is insufficient.

III. Conclusion

We have considered all of the defendant's arguments raised in this appeal, and we find them to be without merit. For the reasons set forth, we AFFIRM the judgment of the District Court.